# Wytheville

C. H. Perkinson and Consolidated Underwriters
v. Robert Thomas.

June 16, 1932.

Present, Campbell, C. J., and Holt, Epes, Gregory and Browning, JJ.

The opinion states the case.

*Sinnott, May & Leaman,* for the plaintiffs in error.

No appearance for the defendant in error.

GREGORY, J., delivered the opinion of the court.

An award of $600.00 was made by the Industrial Commission against Perkinson and the Consolidated Underwriters, Insurer, in favor of Robert Thomas for an injury received by him whereby he lost an eye. Perkinson and the Insurer are here complaining of the award. They assign as error the action of the Commission in entering the award because there was no evidence to support it.

The case may be (though it does not have to be) considered as upon a demurrer to the evidence. When so considered the essential facts are that one J. C. Lucye had a contract with Perkinson to sell and deliver logs to the latter on the skid-way at his mill. Perkinson agreed to purchase the logs from Lucye when delivered as described for $10.00 per thousand feet, log measure. In order to secure the logs, Lucye arranged with one Christopher to purchase standing timber on the stump on the latter's land, at $3.00 per thousand feet. Lucye was to cut and remove the timber from Christopher's land and deliver it to Perkinson's mill. Under this arrangement Lucye, with his own equipment and employees of his own selection, began to cut and remove the logs from Christopher's land and to deliver them to Perkinson at the mill. Among those employed by Lucye for the purpose was Robert Thomas, for whose benefit the award was made. Thomas had been in the employ of Lucye for several years prior to the day when he received the injury and on that day he was employed and working for Luyce. Thomas lost an eye while unloading logs on the

skid-way at the mill of Perkinson. Perkinson had no right to exercise any control over Thomas and he did not attempt to supervise the work of Thomas at any time. There was no privity of contract between Perkinson and Thomas and none between Perkinson and Christopher. It was while Lucye had exclusive supervision of Thomas that he, Thomas, lost his eye unloading the logs. The contract between Perkinson and Lucye amounted to no more nor less than a purchase by Perkinson from Lucye, logs to be delivered at the mill at $10.00 per thousand feet. The method of handling the logs until they were delivered on the skid-way was under the exclusive control of Lucye. Of course, after they had been delivered as agreed, they were manufactured into lumber by Perkinson, but not until they were so delivered did Perkinson have any control over the manner or method of handling them.

If the award can be sustained at all, it must be sustained under sub-section 20(a) of section 1887, Code, which is a part of the workmen's compensation act. That portion of the sub-section of the act which the Commission held applicable to this case reads as follows:

"Where any person (in this section referred to as 'owner'), undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section referred to as 'sub-contractor') for the execution or performance by or under such sub-contractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay any workman employed in the work any compensation under this act which he would have been liable to pay if the workman had been immediately employed by him."

The relevant portion of the act refers to an owner who undertakes to perform *any work* which is a part of his trade or business and procures another to perform the whole or any part of *that work* which the owner had undertaken.

■ It is manifest that Perkinson's work was to manufacture the logs into lumber, and Lucye's work was to buy, cut and remove the logs from Christopher's land and deliver them to the mill. Lucye, in so doing, was not performing *any work* for Perkinson which constituted any part of his (Perkinson's) trade or business. The part of the act referred to was construed in the case of *Bamber* v. *City of Norfolk*, 138 Va. 26, 121 S. E. 564, and that case controls here.

■ Lucye, in buying, cutting and delivering the logs at the mill was carrying on an independent business, performing his own work according to his own methods, using his own equipment, employing his own servants and exercising exclusive supervision over them. He was subject to Perkinson's will only as to results. There is no evidence which shows that Lucye was a sub-contractor. The evidence clearly shows that he was an independent contractor. The relation existing between Perkinson and Lucye was that of buyer and seller of a commodity.

We are of opinion that in so far as the plaintiffs in error are concerned the act has no application and that final judgment should here be entered in their favor, reversing the decision of the Commission, but we do not pass upon the question of the liability of Lucye to the claimant for the reason that that question is not before us.

*Reversed.*