## Richmond

JAMES H. BURROUGHS v. WALMONT, INC., ET AL.

June 16, 1969.

Record No. 6941.

Present, All the Justices.

*H. Shepherd Lippincott* (*Lippincott & Holst*, on brief), for plaintiff in error.

*Charles H. Duff* (*Duff, Slenker & Brandt*, on brief), for defendants in error.

GORDON, J., delivered the opinion of the court.

The sole issue presented is whether the Workmen's Compensation Act bars this tort action.

Defendant Lindsey & Waldron Construction Company was the general contractor for the construction of homes in a subdivision in Fairfax County known as Carriage Hill Estates. Under a contract with Lindsey & Waldron, Cherrydale Cement Block Company agreed to supply sheetrock for use in walls inside the homes. For an additional consideration, Cherrydale further agreed to deliver specified quantities of sheetrock to the rooms in the homes: to stack in each room the number of sections of sheetrock required to construct that room.

Plaintiff Burroughs was an employee of the trucking company that delivered the sheetrock for Cherrydale. While carrying sheetrock into the homes under construction, Burroughs fell down an open stairwell in one of the homes and sustained injuries.

Burroughs received compensation from his employer under the Workmen's Compensation Act. Thereafter he brought this tort action against Lindsey & Waldron to recover for his personal injuries. The trial court dismissed the action, holding that it was barred by the Workmen's Compensation Act. Burroughs appeals.[1]

The Workmen's Compensation Act does not bar a tort action if the person who causes the injury is an "other party" within the meaning of the Act. Va. Code Ann. §§ 65.1-40, -41 (1968 Repl. vol.). And defendant Lindsey & Waldron was an "other party" if at the time of the accident Burroughs was not performing work that was part of Lindsey & Waldron's trade, business or occupation. *Bosher v. Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966).

The trial court decided that *Bosher v. Jamerson, supra,* controlled this case. The general contractor in that case was required to construct a concrete floor with a 6-inch sand base beneath it. Under a contract with the general contractor, a supplier of sand was required to dump or spread the sand at the job site as directed by the general contractor. While the driver who delivered the sand was spreading it in the foundation area in accordance with the building specifications, the truck he was driving struck and injured an employee of the general contractor. We held that since the driver was engaged in the trade, business or occupation of the general contractor, the injured employee could not maintain a tort action against the driver's employer.

There is a significant difference between *Bosher* and this case. The deliveryman in *Bosher* delivered the sand, *and* he participated in laying the 6-inch sand base required by the building specifications. The deliveryman in this case delivered the sheetrock to the rooms where it would be used by the workmen, but he did not participate in the construction of the buildings.

The gathering of material is of course essential to the construction of a building. So in a sense each supplier of material is engaged in

---

[1] Burroughs also sued William D. Waldron, a partner of Lindsey & Waldron, and Walmont, Inc., the owner of the subdivision. Counsel agree that the Act either bars the action against all three defendants or does not bar the action against any defendant.

the general contractor's trade, business or occupation. But a line must be drawn to determine who is an "other party" for the purposes of the Workmen's Compensation Act. And persons who function solely as suppliers and deliverers of goods have been held "other parties". *Perkinson* v. *Thomas*, 158 Va. 699, 164 S.E. 561 (1932); *Garrett* v. *Tubular Prods., Inc.*, 176 F. Supp. 101 (E.D. Va. 1959);[2] see *Turnage* v. *Northern Virginia Steel Corp.*, 336 F.2d 837, 843 (4th Cir. 1964).

In this case the stacking of sheetrock in the several rooms constituted the final act of delivery, not an act of construction. So Burroughs's activities did not transcend delivery, and he was not engaged in the trade, business or occupation of Lindsey & Waldron. Lindsey & Waldron was therefore an "other party", and Burroughs could maintain this tort action.

We do not agree with counsel's contention that this holding is inconsistent with our opinion in *Buffalo Shook Co., Inc.* v. *Barksdale*, 206 Va. 45, 141 S.E.2d 738 (1965). Barksdale, who was injured while unloading lumber from his employer's truck, brought a tort action against the purchaser of the lumber. We held that because Barksdale was not engaged in the trade, business or occupation of *his* employer when the accident happened, his tort action was not barred. Contrary to the contention of Lindsey & Waldron's counsel, we did not suggest that the action would have been barred if Barksdale had been engaged in his employer's trade, business or occupation. We did not reach that question.

*Reversed and remanded.*

Buchanan, J., dissenting.

I agree with the trial court that this case is controlled by the *Bosher* case. Here Lindsey & Waldron contracted to construct houses in Carriage Hill Estates. The houses had to have inside walls, to be made of sheetrock. Lindsey & Waldron contracted with Cherrydale to supply the sheetrock. Burroughs was an employee of the trucking company employed by Cherrydale to deliver the sheetrock to rooms in the houses to be built by Lindsey & Waldron. Burroughs was therefore engaged in a work that was part of the trade, business or occupation of Lindsey & Waldron, and was therefore not "an other party" within the meaning of the Workmen's Compensation Act.

---

[2] In *Garrett* v. *Tubular Prods., Inc., supra*, the supplier agreed to deliver steel columns f.o.b. trucks at the job site. But the significant fact pointed out by the court was that "erection of the columns so delivered was not included". 176 F.Supp. at 104.