# Richmond

DAVID R. HIPP v. SADLER MATERIALS CORPORATION.

April 26, 1971.

Record No. 7367.

Present, All the Justices.

*Arnold H. Leon* (*L. David Lindauer; Bangel, Bangel & Bangel,* on brief), for plaintiff in error.

*Ralph E. Lawrence* (*Williams, Worrell, Kelly & Worthington,* on brief), for defendant in error.

Per Curiam.

An employee of defendant Sadler Materials Corp. ("Sadler"), which had agreed to furnish and pour concrete at a job site, struck and injured plaintiff David R. Hipp while he was working for another subcontractor at the job site. Hipp brought this tort action against Sadler. The trial court entered summary judgment for Sadler, holding that the action was barred by the Workmen's Compensation Act.

Sadler's contract called for the delivery to the job site of concrete of specified strength to be poured into forms and footings where directed by the concrete finishing subcontractor. But Sadler was not required to spread or finish the concrete. Sadler's employee, who was driving a "ready-mix" truck, was performing Sadler's obligation

under the contract when his truck struck and injured Hipp at the job site.

The trial court relied upon *Bosher* v. *Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966), wherein we held that the spreading of sand in accordance with plans and specifications, which called for a six-inch sand base beneath the floor of a building under construction, constituted part of the trade, occupation and business of the general contractor.

In *Burroughs* v. *Walmont*, 210 Va. 98, 168 S.E.2d 107 (1969), decided after the trial court's decision in this case, we distinguished between an act of construction (as in *Bosher*) and an act of delivery (as in *Burroughs*). In *Burroughs* we held that the plaintiff-deliveryman, who was injured while engaged in the delivery of sheetrock in specified quantities to specified rooms of homes under construction, was not engaged in the trade, business or occupation of the general contractor. Consequently, we held plaintiff Burroughs could bring an action against the general contractor for the injuries inflicted by its employee.

In this case, Sadler was required only to deliver concrete where directed, not to spread or finish the concrete. In performing Sadler's obligation, Sadler's employee was performing in our opinion the final act of delivery, not an act of construction constituting the trade, business or occupation of the general contractor. We therefore hold that the Workmen's Compensation Act does not bar this action.

*Reversed and remanded.*