Joseph C. BERGEN, Appellant,

v.

**FOURTH SKYLINE CORPORATION**
et al., Appellees.

No. 74–1094.

United States Court of Appeals,
Fourth Circuit.

Argued May 7, 1974.

Decided Aug. 15, 1974.

Lawrence J. Pascal, Washington, D. C. (Lee C. Ashcraft and Joseph H. Koonz, Jr., Washington, D. C., on brief) for appellant.

Norman F. Slenker, Arlington, Va. (Slenker, Brandt, Jennings & O'Neal, Arlington, Va., on brief) for Fourth Skyline Corp.

Frank L. Ball, Jr., Arlington, Va. (Ball, McCarthy, Ball & Green, Arlington, Va., on brief) for Charles E. Smith-Skyline Development Co.

Anthony E. Grimaldi, Washington, D. C. (Cornelius H. Doherty, Jr., Burton Schwalb and Rodney F. Page, Washington, D. C., on brief) for Miller & Long Co. of Va.

Royce A. Spence, Falls Church, Va., for Sterling Concrete Corp.

Henry R. Furr, Falls Church, Va. (Robert W. Dowler, Falls Church, Va., on brief) for Fairfax County and the Fairfax County Bd. of Supervisors.

Before WINTER, CRAVEN, and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Joseph C. Bergen appeals from summary judgment, certified as final under Rule 54(b) of the Federal Rules of Civil Procedure, which exonerated Fourth Skyline Corp., Charles E. Smith-Skyline Development Co., Miller & Long Co., and Sterling Concrete Corp., as well as Fairfax County, Virginia and its Board of Supervisors, from common law liability for injuries caused by the collapse of an apartment building being constructed in the county. The district court ruled that the corporate appellees were not liable because Bergen's exclusive remedy was under the Virginia Workmen's Compensation Act, Va.Code Ann. § 65.1–1 et seq. (1973 Repl.Vol.). It held that the claim against Fairfax County and its Board was barred by the doctrine of sovereign immunity.

We affirm the dismissal of all the appellees except Sterling. The judgment in its favor is vacated, and the case is remanded because determination of Sterling's status requires plenary consideration.

I

Fourth Skyline Corp., empowered by its charter to own and construct the apartment, engaged Charles E. Smith-Skyline Development Co. to plan and supervise the job. The Development Company in turn negotiated contracts with subcontractors in the owner's name. Miller and Long undertook the concrete work, and purchased mixed concrete from Sterling.

Bergen, an employee of Otis Elevator Co., was installing elevators when he was injured by debris from the collapsing building. He applied to his employer for compensation and instituted this negligence action against other participants in the project.

The rationale and coverage of Virginia's Compensation Act has been explained frequently in decisions of the Supreme Court of Virginia and of this court. In Turnage v. Northern Virginia Steel Corp., 336 F.2d 837, 841 (4th Cir. 1964), a case dealing with the construction of an apartment house under contractual arrangements similar in many respects to those in this case, Judge Boreman lucidly analyzed the Act and the authorities construing it as follows:

"[I]t is the aim of the Virginia Workmen's Compensation Act, as interpreted by that state's highest court, that the financial risk of accidental personal injuries inherent in any project be borne by and limited to that project to the extent specified therein. Consequently, where a project is undertaken either by an owner as part of his trade, business or occupation or by a general contractor, the responsibility in damages of any party to a workman injured in the project must be tested with reference to his relationship to the overall project. If the defendant was engaged in work which

was part of the undertaking of the owner or general contractor, regardless of his relationship to the injured workman and his immediate employer, the sections previously mentioned operate to place the economic loss upon the project and to limit the workman's recovery to that specified in the Act. On the other hand, where the injury was caused by the negligence of one not engaged in the over-all undertaking, a 'stranger to the business,' it is not an accident inherent in the project, the cost of which should ultimately be borne by the project, and the injured workman's rights and remedies outside of the statute are preserved."

■ With the exception of Sterling, we agree with the district court that no genuine issue of fact exists concerning the status of Fourth Skyline and its subcontractors. Construction of the apartment was a part of the business of Fourth Skyline even though the actual work was performed by other companies. Consequently, by the terms of the Act, all persons engaged in the work, as well as the owner, were shielded from common law actions for damages. *See* Anderson v. Thorington Construction Co., 201 Va. 266, 110 S.E.2d 396 (1959); Turnage v. Northern Virginia Steel Corp., *supra*. Accordingly, we affirm the summary judgment dismissing all the corporate appellees other than Sterling.

## II

■ Bergen charges that inferior concrete sold by Sterling was a cause of the apartment's collapse. In Virginia, a materialman delivering mixed concrete is not considered to be engaged in the construction of a building. Therefore, as a stranger to the business, he may be sued at common law by a workman whom he has injured on the project. Hipp v. Sadler Materials Corp., 211 Va. 710, 180 S.E.2d 501 (1971). But if in addition to supplying materials, he also engages in the business of the owner-contractor by working on the job, he is immune from suit. *Cf.* Turnage v. North-

ern Virginia Steel Corp., *supra*. The critical point, therefore, is whether there is a genuine issue of fact concerning Sterling's status. The district court granted summary judgment because Sterling had a batching plant at the site and additionally because several of its workers were assigned to the construction project under the supervision of Miller & Long. These employees, the record disclosed, conducted tests and advised about problems relating to the concrete. One of Sterling's employees testified that the company's duty was to supply concrete and take tests. He claimed that the tests were more extensive than those customarily conducted by suppliers because neither the county, the owner, nor the concrete contractor appeared to be making them. On the other hand, the Development Company's general superintendent described Sterling as "doing some testing of their own," and he reiterated that Sterling's tests were for Sterling's own use.

Bergen contends that Sterling was a materialman, as evidenced by a contract that required it to do nothing more than to supply mixed concrete, and he suggests that Sterling's other activity was simply a matter of its own convenience. He relies on cases that fully support his general thesis that a materialman is not protected from common law liability by the Act. *See, e. g.,* Hipp v. Sadler Materials Corp., *supra;* Burroughs v. Walmont, Inc., 210 Va. 98, 168 S.E.2d 107 (1969).

Sterling contends that it is shielded by the Act because it engaged in the actual construction of the building. It relies on two cases, Haynes v. James H. Carr, Inc., 427 F.2d 700 (4th Cir.), cert. denied, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970), and Turnage v. Northern Virginia Steel Corp., *supra,* which held that alleged materialmen were in reality subcontractors.

Sterling's reliance on *Haynes* and *Turnage* may ultimately prove to be justified, but at the present state of the proceedings it is premature. Those cases were decided after evidentiary hear-

ings that probed every aspect of the relation between the alleged materialmen and the prime contractors, including the customs of the trade, the capability of the contractor to do the work in question, and the reasons the materialmen worked on the project. In *Turnage,* on which Sterling places special reliance, the court noted that the alleged materialman was paid a fee for the services it performed on the job over and above the materials it supplied.

Without thoroughly considering all of the aspects of Sterling's relation to Miller & Long and Fourth Skyline, it is impossible to determine its status. From the record developed on the motion for summary judgment, one may indeed infer that Sterling engaged in the business of the owner-contractor by performing services beyond those customarily furnished by companies delivering mixed concrete. On the other hand, its work on the job may have been incidental to its obligations as a materialman. Its employees may have been present for Sterling's own benefit, to assure quality control and deal with complaints or inquiries from Miller & Long. The absence of reimbursement for the extra work which Sterling now claims to have done and the testimony of the Development Company's general superintendent tend to indicate that it was not engaged in the work of the owner or the concrete contractor. We do not, however, suggest which inference is correct. The meager facts on which the court based its conclusions and the ambiguity created by the testimony of Sterling's employee and the Development Company's superintendent leave conflicting inferences which render summary judgment inappropriate. *American Fidelity & Casualty Co. v. London & Edinburgh Ins. Co.,* 354 F.2d 214 (4th Cir. 1965).

## III

Other issues require only brief comment. Bergen alleged that Fairfax County's building inspectors negligently failed to enforce the county building code and regulations. Applying Virginia law, as we must in this diversity action, we affirm dismissal of the county and its board on the ground of sovereign immunity. *Fry v. County of Albemarle,* 86 Va. 195, 9 S.E. 1004 (1889).

We previously upheld the constitutionality of Virginia's Workmen's Compensation Act in *Haynes v. James H. Carr, Inc.,* 427 F.2d 700, 702 (4th Cir.), cert. denied, 400 U.S. 942, 91 S.Ct. 238, 27 L.Ed.2d 245 (1970). Bergen's renewal of the attack provides no grounds for overruling this decision.

The judgment dismissing Fourth Skyline, the Development Co., Miller & Long, and Fairfax County and its Board is affirmed, and they shall recover their costs against Bergen.

The judgment dismissing Sterling Concrete Corp. is vacated, and the case is remanded for further proceedings. Bergen shall recover his costs against Sterling.