## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard Michael Machia

    v.

Morton G. Thalhimer Services
Corp. of Va., etc.

December 19, 1988

Case No. LL-3197-2

By JUDGE RANDALL G. JOHNSON

    This case is before the court on defendant's plea of the Workers' Compensation Act, Va. Code § 65.1-1 *et seq.* Plaintiff, an employee of United Methodist Family Services ("Methodist Home"), was injured when he slipped and fell on the premises of the Methodist Home in January, 1986. Defendant, Morton G. Thalhimer Services of Virginia ("Thalhimer"), is a cleaning and janitorial firm which was under contract to provide cleaning and janitorial service to the Methodist Home. It is plaintiff's claim that his injuries were caused by the negligence of Thalhimer in allowing a dangerous condition to exist on United Methodist's premises. Thalhimer asserts that Virginia's Workers' Compensation Act bars plaintiff's suit because Thalhimer is not an "other party" within the meaning of the Act. To properly consider defendant's plea, a brief discussion of the applicable legal principles is necessary.

    The term "other party" is found in Va. Code § 65.1-41. That section provides, in pertinent part:

> The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any *other party* for such injury or death.

While the above section speaks only of the employer's right to enforce his employee's claim against the "other party," that section has clearly and conclusively been interpreted as preserving the employee's right to maintain an action against an "other party" even though he has accepted benefits under the Act. Thus, the only question here is whether Thalhimer is such an "other party."

In arguing for a statutory bar, Thalhimer cites *Bassett Furniture v. McReynolds*, 216 Va. 897, 224 S.E.2d 323 (1976), *Shell Oil Co. v. Leftwich*, 212 Va. 715, 187 S.E.2d 162 (1972), and other cases in which the Supreme Court has had to determine whether an owner or general contractor is the "statutory employer" of a subcontractor's employee. In those cases, the test is whether the work being performed by the injured employee is activity which, in that business, is "normally carried on through employees rather than independent contractors,"[1] or, though not normally performed by employees, whether the work is part of the overall trade, business, or occupation of the owner or general contractor. *See Carmody v. F. W. Woolworth. Co.*, 234 Va. 198, 205, 361 S.E.2d 128 (1987). Those cases can generally be classified as "ascending" cases; that is, an employee seeks to recover from a party *above* his actual employer.

On the other hand, a different line of cases, which can generally be classified as "descending" cases, involve situations in which an employee of an owner or general contractor attempts to sue a subcontractor, a party *below* such employee's actual employer. In those cases, the Supreme Court has held that the "statutory employee" test is inapplicable. Instead, the relevant inquiry is whether the defendant is a "stranger to the trade, occupation, or

---

[1] Shell Oil, supra, 212 Va. at 722 (quoting 1C A. Larson, The Law of Workmen's Compensation, sect. 49.12 at 9-53 (1982).

business in which the plaintiff was involved." *Stewart v. Bass Construction Co.*, 223 Va. 363, 365, 288 S.E.2d 489 (1982). *See also Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946). Indeed, the distinction between "ascending" and "descending" cases was specifically set out in *Whalen v. Dean Steel Co.*, 229 Va. 164, 327 S.E.2d 102 (1985):

> [Plaintiff], however, conceding that the "stranger to the work" test pervades our previous holdings, contends that a competing and better-reasoned test is found in *Southeastern Tidewater Auth. v. Coley*, 221 Va. 859, 275 S.E.2d 589 (1981), based upon *Shell Oil Co. v. Leftwich*, [*supra*], and *Bassett Furniture v. McReynolds*, [*supra*]. This test, the argument continues, depends not on whether the subcontractor is a stranger to the work, but rather upon whether the subcontractor's activity is one normally carried out by the owner or general contractor through employees, instead of one customarily entrusted to a subcontractor. [Plaintiff] misapplies these authorities. *Southeastern*, *Shell Oil*, and *Bassett* stand in a line of cases beginning with *Sykes v. Stone & Webster Eng. Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947), which consider whether a subcontractor's employee, injured by a general contractor's (or owner's) negligence on the job, may sue such general contractor or owner at common law or whether such general contractor or owner has become the statutory employer of the plaintiff under Code §§ 65.1-29, 65.1-30, or 65.1-31, or their predecessors. *These statutory employer cases present a question which is the obverse of the one presented here, and their rule is inapplicable where a general contractor's employee seeks to sue a subcontractor.* 229 Va. at 170.[2]

---

[2] It is obvious from the language quoted above that the rule in Southeastern, etc., is also inapplicable where an owner's employee seeks to sue a subcontractor.

Thus, it is clear that the "stranger to the work" test, and not the "statutory employee" test, must control the court's decision in the case at bar. Having recognized this distinction, however, the court is of the opinion that at least as far as this case is concerned, the ultimate question is the same. Specifically, whether the work performed by the subcontractor, Thalhimer, was a part of the trade, business, or occupation of the owner, Methodist Home. This is so because at least since *Carmody v. F. W. Woolworth Co.*, *supra*, an "ascending" case, a person is a "statutory employee" of an owner if he is engaged in such owner's trade, business, or occupation. Likewise, the "descending" cases all hold that a person is *not* a "stranger to the work" if the work which he is performing is a part of the trade, business, or occupation of the injured party's employer.[3] Thus, if Thalhimer was engaged in the trade, business, or occupation of Methodist Home, plaintiff cannot proceed with his action here.

Naturally, plaintiff argues that the cleaning and janitorial services rendered to Methodist Home are not part of the trade, business, or occupation of the Home. Indeed, the Virginia Supreme Court has not yet decided a case involving the issue of whether cleaning and janitorial services generally are part of an owner's trade, business, or occupation. The issue in this case, however, is not whether such services are part of an owner's trade,

---

[3] Plaintiff argues that it is the specific work being performed by the plaintiff, and not the trade, business, or occupation of the owner, to which the word "work" in the phrase "stranger to the work" refers. The court does not agree. In Whalen v. Dean Steel Co., supra, the case cited by plaintiff on this point the Supreme Court held that Whalen, an employee of a general contractor, could not maintain an action against a subcontractor because the subcontractor "was no stranger to the work in which Whalen's employer was engaged . . . ." 229 Va. at 169 (emphasis added). Similarly, in Williams v. Gresham Company, supra, the Court held that the plaintiff, an employee of an owner, was barred from suing a subcontractor because the evidence conclusively showed that the subcontractor "was engaged in work, at the time of plaintiff's injury, which was a part of the trade, business or occupation of the owner . . . ." 201 Va. at 465 (emphasis added). These and other cases make it clear that it is the owner's trade, business, or occupation, and not the particular work being performed by the owner's employee, which controls.

business, or occupation generally. Rather, the issue is whether such services are part of the trade, business, or occupation of Methodist Home. In this regard, the evidence shows that Methodist Home is a non-profit corporation which provides residential services, foster care services, adoption services, and counseling services. With regard to residential services, the Home maintains a multi-building facility in the City of Richmond for 14 to 17 year olds. It was in one of these buildings that plaintiff was injured.

Prior to 1984, Methodist Home employed its own maintenance staff which was responsible for performing routine cleaning and janitorial duties. Major cleaning, such as stripping and waxing floors, was performed by Thalhimer. In 1984, the Home contracted with Thalhimer to provide all of the Home's cleaning and janitorial services. The crucial fact, however, is that no matter who actually performs the cleaning and janitorial services for the Home, such services are, in the court's view, an essential part of the business, trade, or occupation of providing residential services. The Home's facility is not a store or office building for which it might be said cleaning and janitorial services are "nice," or are ancillary to the main business conducted, such as selling goods or providing professional services. Instead, that facility is the residential complex which is provided to the Home's clients as part of the Home's residential services. To that extent, the facility *is* the trade, business, or occupation of Methodist Home. Similarly, cleaning and providing other janitorial services in the facility, including stripping and waxing floors, are also an essential part of the residential services provided by the Home. Only by maintaining its facility in a clean and livable manner can the Home provide the residential services which are its trade, business, or occupation.[4] It follows, then, that in providing cleaning and janitorial services under its contract with Methodist Home, Thalhimer is performing work which is part of the Home's trade, business, or occupation. Accordingly, Thalhimer is not an "other party"

---

[4] Indeed, the license requirement for the Home mandates that the interior and exterior of all buildings be kept clean.

under the Act and cannot be sued by plaintiff here.