## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard A. Painter

v.

Tony Smith et al.

October 11, 1990

Case No. LS-601

By JUDGE T. J. MARKOW

This matter is before the court on the defendant's special pleas of the Workers' Compensation Act as a bar to the claims.

Based on the pleadings and the evidentiary hearing held on September 19, 1990, the court finds the following facts: the plaintiff is a truck driver for Howell Metal Company. He had driven a tractor-trailer to defendant Smith Iron & Metal Company, Inc.'s yard to pick up a load of scrap copper to be taken back to Howell's place of business.

When the plaintiff arrived, it was his duty to prepare the trailer for loading by removing its tarpaulin covering and the bows which are used to support the tarp. Often when this was done, he would leave the area while loading was accomplished, but on this occasion, he waited while defendant Tony Smith proceeded to load the trailer with a tow motor. As the trailer filled, plaintiff was replacing the bows over the sections which were loaded. He had caught up to the point where the loading was occurring, so he was sitting on the back right side of the top of the trailer waiting when the tow motor struck a bow that had been replaced, knocking it loose. The bow hit the plaintiff, who claims he was injured as a result of the alleged negligent driving of the tow motor by Tony Smith, who was

acting in the scope of his employment with Smith Iron & Metal Company.

A Virginia employee injured in the course of employment has, in an action against his employer, the exclusive remedy of the Workers' Compensation Act. Va. Code Ann. Section 65.1-40 (Repl. Vol. 1987). However, § 65.1-41 allows an employee (or subrogated employer) to make claims against "any other party." Section 65.1-103 limits the category of "other party" to any person whose acts "do not arise out of and in the course of employment by an employer who is or may be liable," and expressly includes the employer and "those conducting his business" in the coverage of the Act.

The term "those conducting his business" was construed by the Supreme Court as including fellow employees in *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946). That case developed the "stranger to the business" test for determining whether a defendant is outside the scope of the employment relationship and thus vulnerable to a common law action. L. Pascal, *Virginia Workers' Compensation: Law and Practice*, § 11.3 (1986).

The issue here is whether Painter was performing work on behalf of his employer, Howell Metal Company, that was a part of the trade, business, or occupation of Smith Iron & Metal Company. If, at the time of the accident, Painter was not so engaged, then Tony Smith and Smith Iron & Metal Company are strangers to the business of Howell Metal Company and "other parties" within the meaning of the Act. *See Stout v. Onorati*, 221 Va. 143, 147, 267 S.E.2d 154, 157 (1980).

In *Stout* the plaintiff's decedent was a truck driver for a private carrier hired to deliver heavy construction equipment for a manufacturer to Moose's storage facility, which had contracted to unload, help unload, and store the equipment. The driver was paid extra compensation to help unload his truck. When a front-end loader fell on him during its unloading, the court found that Moose's was in the business of unloading and storing equipment and that the decedent, required by his employer to aid in the process, "had become involved in an essential part of Moose's business and was not merely performing an act which was tangentially related." *Id.* at 150, 267 S.E.2d at 158.

The court contrasted this with the plaintiff-delivery-man in *Burroughs v. Walmont, Inc.*, 210 Va. 98, 168 S.E.2d 107 (1969), who was delivering sheetrock in specified quantities to designated rooms of houses under construction. He was found to be "merely engaged in the final act of delivery," not participating in the construction of homes which was the trade, business, or occupation of the "other party" defendant. The distinction turned on whether the act was integral or merely peripheral to the business. In *Stout* unloading was part of the trade or business, whereas in *Burroughs*, it was merely incidental. *Stout* 221 Va. at 149, 267 S.E.2d at 158.

The case of *Buffalo Shook Company v. Barksdale*, 206 Va. 45, 141 S.E.2d 738 (1965), is another which deals with a plaintiff truck driver assisting in unloading. The driver's employer sold lumber from its sawmill to the defendant, delivering it to the latter's hogshead and pallet manufacturing plant. The driver "was not required by his employer to assist in unloading the lumber and owned no duty to Buffalo Shook to give such assistance." However, his employer testified that it was customary for the driver to help, and the plaintiff testified "that it was a part of his job to help unload." *Id.* at 47, 141 S.E.2d at 741. The driver always unchained the load to free it for unloading. *Id.* at 46, 141 S.E.2d at 740. The court found that the plaintiff was engaged in the business of Bolt, his employer, that unloading the truck was not a part of the trade, business, or occupation of Bolt, and that "[w]hen Barksdale undertook to help, he was not engaging in the trade, business, or occupation of Bolt and defendants did not thereby become engaged in the business of Bolt, but were clearly 'other parties,' strangers to the business of Bolt, against whom Barksdale's right of action was preserved." *Id.* at 48, 141 S.E.2d at 741.

In a more recent case holding that a defendant whose negligence injured a truck driver during unloading was an "other party," the court pointed out that the driver there was like the *Buffalo Shook* driver and not like the driver in *Stout* because he was under no duty to assist in the unloading of his truck. *Stevens v. Ford Motor Co.*, 226 Va. 415, 309 S.E.2d 319 (1983).

Likewise, Painter was under no duty to assist in the loading of his truck at the Smith yard. He was engaged in the business of his employer, Howell Metal Company, and the defendants did not become engaged in the business of his employer by loading the truck with the scrap they sold to it but were and remained "other parties."

From the other possible perspective, the Smith Company and its employees, like the plaintiff in *Burroughs*, were "merely engaged in the final act of delivery," Stout, 221 Va. at 149, 267 S.E.2d at 158, which was incidental to the trade or business of Howell Metal Company and did not rise to the level of participation in its business; thus they remained "other parties." Painter may, therefore, pursue his action against them at common law, and the special pleas of the Workers' Compensation Act as a bar are overruled as to both Tony Smith and Smith Iron & Metal Company, Incorporated.