## CIRCUIT COURT OF LOUDOUN COUNTY

Thomas. R. Jenkins

    v.

Fred L. Glaize, III, et al.

### August 3, 1992

### Case No. (Law) 12974

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Plea in Bar of the defendants, Fred L. Glaize, III, and others ("Glaize and Brothers") filed December 26, 1991, asserting that this personal injury action brought by the plaintiff, Thomas R. Jenkins, is or may be barred by the applicable Workers' Compensation Statute. The Court has considered the oral argument on July 10, 1992, as well as the memoranda filed by counsel.

For the reasons hereinafter set forth, the Plea in Bar is overruled.

The Plea in Bar asserts that as a result of facts rendered undisputed as a result of discovery, Jenkins cannot maintain this action. In this sense, the Plea in Bar raises the same issue as would be raised by a motion for summary judgment under Rule 3:18 based on the pleadings and the admissions in discovery other than depositions. Therefore, the Plea in Bar must be decided on the material facts not "genuinely in dispute" just the same as a motion for summary judgment would be decided under Rule 3:18.

The facts not genuinely in dispute as determined from the pleadings and discovery are set forth below to the extent necessary to decide the Plea in Bar. These facts are the facts set forth in the Memorandum of Glaize and Brothers as modified by the assertions in the section styled "Statement of Material Facts Not In Dispute" in Jenkins' Memorandum.

### *Facts*

This suit based on negligence and breach of warranty was brought

by Jenkins as a result of injuries he received in a construction accident at a job site in Ashburn Farms Subdivision, Loudoun County, Virginia, on October 27, 1989.

On that date, Jenkins, an employee of Sunshine Construction Company, was installing a roof on a house. Pulte Homes was the developer and general contractor of this house. Pulte had hired Sunshine to perform construction work on the house.

Pulte contracted with Glaize and Brothers to design, manufacture, assemble, fabricate, and deliver roof trusses to be used in the construction of the house. The trusses were custom built and were designed and fabricated to meet the unique requirements of Ashburn Farms Subdivision. Preliminary designs and specification for the trusses were prepared by Pulte's architects. Pulte contracted with Glaize and Brothers to complete the design and manufacture the trusses. Glaize and Brothers manufactured the trusses at its own shop, delivered them to the job site, and unloaded and stacked them at the direction of Pulte. The trusses were installed by employees of Sunshine.

Jenkins was injured when a truss supplied by Glaize and Brothers collapsed. He was acting within the scope of his employment by Sunshine and installing the roof at the time of the accident.

Jenkins applied for and received workers' compensation benefits from Sunshine.

### Conclusions of Law

Under § 65.2–307, an employee's rights and remedies under the Virginia Workers' Compensation Act (the "Act") "shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury . . . ." An employee injured during the course of his employment can maintain an action at law against the person causing the injury, provided such person is an "other party." As early as 1946, the Virginia Supreme Court ruled that in order to maintain a common law action, the defendant had to be "a stranger to the business" of the employer. *Feitig v. Chalkley*, 185 Va. 96, 102 (1946). Each case turns on its own unique set of facts. *Bassett Furniture v. McReynolds*, 216 Va. 897, 902 (1976). If the defendant is a stranger to the trade, occupation, or business in which the plaintiff was involved, then the defendant is an "other party" and the plaintiff can maintain the action. *Whalen v. Dean*

*Steel Co.*, 229 Va. 164, 167 (1985). Therefore, the issues presented by the Plea in Bar is whether Glaize and Brothers is an "other party" against whom Jenkins can maintain this common law action.

Glaize and Brothers assert that it, even though it acted as an independent contractor, performed work which was a part of the trade, occupation or business of Jenkins' employer, Sunshine, and its general contractor, Pulte. Hence, Glaize and Brothers was not a stranger to Pulte's trade, occupation or business. Because Pulte is considered an employer of both Jenkins and Glaize Brothers under the Act, Jenkins' exclusive remedy is under the Act. This argument is based on the undisputed concession that the design and fabrication of the trusses was an essential part of the construction of the house and was necessary to complete the construction of the house. Glaize and Brothers relies primarily on *Haynes v. James H. Carr, Inc.*, 427 F.2d 700 (4th Cir. 1970).

I am of the opinion that the undisputed facts do not support a finding that Glaize and Brothers was not a stranger to the trade, occupation or business in which Jenkins was involved, i.e., the construction of a house. Glaize and Brothers is an "other party," and, therefore, Jenkins can maintain this action.

The test cannot be whether the defendant's actions were essential to the construction of the house. If this were the test, then every supplier of material for the construction of a house would be a statutory employer. Mere suppliers are considered "other parties" and can be sued by an injured employee. *See, e.g., Garrett v. Tubular Products, Inc.*, 176 F. Supp. 101 (E.D. Va. 1959); *Burroughs v. Walmont, Inc.*, 210 Va. 98 (1969). In a literal sense, mere suppliers of materials used in the business of the injured employee could be considered as engaged in such business, but as pointed out in *Burroughs* and *Haynes*, "a line must be drawn" to determine who is an "other party" for purposes of the Act. 210 Va. at 99; 427 F.2d at 702.

Clearly, Glaize and Brothers was a supplier of the trustee. It delivered them to and stacked them on the job site. Glaize and Brothers argue that the following facts place it on the employer (as opposed to the "other party") side of the line:

(1) designed and fabricated the trusses to meet the unique requirements of the subdivision;

(2) the design and fabrication were necessary and essential to complete the construction; and

(3) the construction of the project was part of the trade, occupation and business of Pulte.

Designing and fabricating trusses is not shown to be part of the business of Pulte. Installing the trusses may be, but no facts are before the Court to show that designing and fabricating the trusses were work that Pulte could have done, or even normally did, if it had not elected to engage Glaize and Brothers. The purposes of the Act never meant to include suppliers of material as being engaged in the business of the employer. *Burroughs*, 210 Va. at 99.

The reliance of Glaize and Brothers on *Haynes* is misplaced. The facts in *Haynes* are similar to the facts herein, but there are crucial distinctions. In *Haynes*, the subcontractor assembled the trusses at the job site and stacked them as directed by the general contractor. Also, there was evidence in *Haynes* that the general contractor could have done the subcontractor's truss fabrication work if it had elected. Here the trusses came to the job site fully assembled, and there is no evidence that Pulte could have done what Glaize and Brothers did. Further, Pulte had no control over the manufacture of the trusses.

Glaize and Brothers was a mere supplier of materials to be installed on the house. It was, therefore, an "other party" for purposes of the Act, and Jenkins can maintain this action against Glaize and Brothers.

### Order

Let Mr. Ritchie prepare an order overruling the Plea in Bar to which Ms. Blee may note her exception.