Present:  All the Justices

JOHN H. YANCEY

v.    Record No. 951568    OPINION BY JUSTICE ELIZABETH B. LACY
                                          June 7, 1996
JTE CONSTRUCTORS, INC.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Thomas S. Kenny, Judge


In this appeal, we determine whether the trial court erred in holding that a general contractor was the statutory employer of a subcontractor's injured employee.

The Virginia Department of Transportation (VDOT) contracted with JTE Constructors, Inc. (JTE) to design, furnish, and install a sound barrier wall on Interstate Highway 66.  JTE, as prime contractor, executed a subcontract with the Reinforced Earth Company (RECO) to design, manufacture, and deliver sound barrier wall panels to the job site.

John H. Yancey, an employee of RECO, was at the construction site inspecting one of the three-ton panels when the panel fell on him, severing his left leg below the knee. Yancey applied for and received workers' compensation benefits from RECO under the Workers' Compensation Act, Code §§ 65.2-100 through -1310.  Yancey then filed a motion for judgment against JTE alleging that JTE was negligent in failing to warn him "to avoid unsafe conditions and recognize adequate bracing required" for the panels.  This negligence, Yancey asserted, was the proximate cause of his injuries.

JTE filed responsive pleadings and a motion for summary

1

judgment asserting that Yancey's exclusive remedy was under the Workers' Compensation Act because, at the time of the accident, JTE was Yancey's statutory employer. Following argument of counsel, the trial court held that Yancey was the statutory employee of JTE at the time of the accident and granted JTE's summary judgment motion. We awarded Yancey an appeal.

The principle is well established that a general contractor is the statutory employer of a subcontractor's employee under Code § 65.2-302(B) of the Workers' Compensation Act if the employee is engaged in the trade, business, or occupation of the general contractor at the time of his injury. Sykes v. Stone & Webster Eng'g Corp., 186 Va. 116, 122, 41 S.E.2d 469, 472 (1947). "But when the employe[e] reaches an employer in the ascending scale, of whose trade, business or occupation the work being performed by the employe[e] is not a part," that employer is not the statutory employer of the employee. Id.[1]

---

[1] Relying on Nichols v. VVKR, Inc., 241 Va. 516, 403 S.E.2d 698 (1991), and Carmody v. F.W. Woolworth Co., 234 Va. 198, 361 S.E.2d 128 (1987), JTE argues that the trade, business, or occupation of the owner, VDOT, is relevant to resolving the issue in this case. These cases are inapposite here. Neither involved a contract between the general contractor and subcontractor as the basis for determining the general contractor's amenability to a negligence action. In Carmody, the injured employee was seeking to recover from the owner, not a general contractor. Nichols involved statutory fellow employees. The owner's trade, business, or occupation was critical because the defendant architectural firm and the injured employee's construction firm had contracts only with the owner, not with each other. Thus, fellow employee status existed only if both firms were engaged in the trade, business, or occupation of the owner.

While each case turns on its own facts, we have held that an employee of a company supplying materials is not engaged in the trade, business, or occupation of the general contractor when the employee is injured while delivering the materials to the job site. Burroughs v. Walmont, Inc., 210 Va. 98, 99, 168 S.E.2d 107, 108 (1969). However, if an employee undertakes activities which incorporate the delivered materials into the construction project, such as spreading and preparing the sand that the employee delivered to the job site, the employee has gone beyond the activities required for delivery and engaged in construction activities. Bosher v. Jamerson, 207 Va. 539, 151 S.E.2d 375 (1966). Under such circumstances, we have held that the general contractor is the statutory employer of the subcontractor's employee because, at the time of injury, the employee was engaged in the trade, business, or occupation of the general contractor. Id. at 542, 151 S.E.2d at 377.

In this case, the contract between JTE and RECO required that RECO "provide on site patching at its cost for materials delivered damaged to the job site." At the job site, JTE's crane unloaded a panel from RECO's delivery truck and placed it on a trailer for inspection and patching, rather than moving each panel directly from the delivery truck to placement in the sound barrier wall.[2] Following the inspection, the crane again

_____

[2] Considering the "severe traffic conditions" under which the wall would be constructed, the contract provided that RECO accommodate JTE's intention to unload the panels from the "drop trailers," rather than the truck, into the wall. The parties

3

lifted the panel and moved it to its place in the wall. This procedure allowed the crane to place an inspected panel into the wall while another panel was being inspected. Yancey was inspecting a panel on the trailer when he was injured.

JTE argues that Yancey's actions in inspecting and repairing the concrete panels were not part of the delivery of the panels, but of providing "field technical services" as required in the contract.[3] These "field technical services," JTE asserts, were activities connected with JTE's trade, business, or occupation to furnish, design, and install the sound walls as required in its contract with VDOT. We disagree.

The panels manufactured and delivered by RECO were not the sound wall, but were component parts of the wall, much like nails, boards, and sheetrock are component parts of a house. RECO agreed to repair sound panels damaged during transit. Yancey's inspection and patching activities were the final acts of delivery required by the contract. Yancey's actions did not extend to incorporating the panels into the sound wall. Therefore, Yancey was not involved in furnishing, designing, or

deleted the provision of the form contract requiring the supplier to "deal with all crating conditions" so that the panels could be off loaded "directly from the truck into the walls."

[3] The contract provided that the supplier would "design, engineer, manufacture, and supply sound barrier panels including . . . technical services." The contract did not define "technical services."

4

installing a sound wall.

Characterizing Yancey's activities at the time of the accident as "field technical services" does not change the substance of what he was doing. Yancey was completing the act of delivering sound barrier wall panels as required by the contract.

Under the circumstances of this case, we conclude that Yancey was not engaged in the trade, business, or occupation of JTE at the time he was injured. Thus, JTE was not the statutory employer of Yancey. Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded.</u>