# CIRCUIT COURT OF THE CITY OF RICHMOND

Carolyn L. Marshall

v.

Calvin E. Langford et al.

April 13, 1999

Case No. LE-152-4

BY JUDGE RANDALL G. JOHNSON

In this personal injury action, plaintiff claims that she was injured when a truck operated by defendant Calvin Langford collided with the automobile plaintiff was driving on a road that connects the Powhatan Correctional Center (P.C.C.) with State Route 616. At the time of the collision, plaintiff was employed at P.C.C. as a switchboard operator. The collision occurred as she was leaving work to go home. Also at the time of the collision, Langford worked for defendant Waste Management of Virginia, Inc., which had a contract with P.C.C. to provide dumpster service. Under the contract, Waste Management was responsible for providing and emptying approximately twenty-five dumpsters at P.C.C. Langford was on his way onto P.C.C.'s grounds to empty dumpsters when the collision with plaintiff occurred.

The case is before the court on defendants' plea of workers' compensation. In fact, plaintiff has already applied for and received benefits under Virginia's Workers' Compensation Act, Va. Code § 65.2-100 et seq. It is defendants' argument that in light of the services performed by Langford and Waste Management at P.C.C., plaintiff cannot also maintain an action at law against them. The court concludes that she can.

In deciding whether a plaintiff is entitled to maintain a common law action for personal injury in the face of a plea of workers' compensation by a defendant who performs work under a contract with plaintiff's employer,

which is the situation here, the relevant inquiry is whether the defendant or defendant's employer was a "stranger to the trade, occupation, or business in which the plaintiff was involved" at the time of the injury. *See, e.g., Stewart v. Bass Const. Co.*, 223 Va. 363, 365, 288 S.E.2d 489 (1982). If the defendant or defendant's employer was a stranger to such trade, occupation, or business, then plaintiff may maintain a common law action. Otherwise, plaintiff's exclusive remedy is under the Workers' Compensation Act.

This court has been called upon on many occasions to determine whether particular defendants or employers were strangers to the trades, occupations, or businesses of plaintiffs in cases such as this, *see, e.g., Roberts v. Huggins*, 25 Va. Cir. 48 (1990); *Machia v. Thalhimer Serv. Corp.*, 15 Va. Cir. 229 (1988), and each case must be decided on its own merits. In this case, the court agrees with defendants that P.C.C. is responsible for providing a clean and sanitary environment for the inmates, employees, and visitors at the Center. The court also agrees with defendants that such responsibility includes collecting the trash on its facility and taking it to central collection points. The court holds, however, that once the trash is collected and taken to central locations for removal from the premises, the form and nature of the collection efforts change so dramatically that they are no longer a part of P.C.C.'s trade, occupation, or business.

No great detail need be given about how trash is collected at P.C.C. It is collected the same way trash is collected at many businesses. Small trash receptacles are emptied into larger trash receptacles until they are all emptied into dumpsters that can only be emptied by truck, the type of truck operated by Langford at the time of his collision with plaintiff. While it is true that the operation of such trucks involves the "collection of trash" just like emptying a wastebasket involves the "collection of trash," the two operations are so different in their method, effort, and scope as to make them different trades, occupations, and businesses altogether. In fact, Langford's role in the collection of trash at P.C.C. is, for all practical purposes, no different from the role of the truck driver in *Burroughs v. Walmont*, 210 Va. 98, 168 S.E.2d 107 (1969), who was injured while carrying sheetrock he had delivered to a construction site into homes under construction at the site. In holding that the truck driver was not a statutory employee of the contractor building the homes, the Court said:

> The gathering of material is of course essential to the construction of a building. So in a sense each supplier of material is engaged in the general contractor's trade, business or occupation. But a line must be

drawn to determine who is an "other party" for the purposes of the Workmen's Compensation Act. And persons who function solely as suppliers and deliverers of goods have been held "other parties."

210 Va. at 99-100.[1] *See also Yancey v. JTE Constructors, Inc.*, 252 Va. 42, 471 S.E.2d 473 (1996) (deliverer of materials not statutory employee of general contractor using the materials).

Just as the drivers in *Burroughs* and *Yancey* were delivering material *to* a site, the driver here was removing material *from* a site. The Supreme Court held that those other drivers were not statutory employees because they did not take part in the actual construction which was the trade, occupation, and business of the general contractors in those cases. If that is so, then Langford's picking up collected trash was not part of P.C.C.'s trade, occupation, or business of maintaining a clean and sanitary prison facility. While P.C.C. could not maintain a clean and sanitary prison facility unless someone such as Langford removed collected trash, that is no more decisive than the fact that the general contractors in *Burroughs* and *Yancey* could not construct homes and other structures unless material was delivered to the construction sites involved in those cases. As the Supreme Court said in *Burroughs*, a line must be drawn somewhere. The Supreme Court drew a line at the place of delivery.

---

[1]  For purposes of this opinion, the term "other party" as used in *Burroughs* is exactly the same as the term "stranger to the trade, occupation, or business" as used in *Stewart.* The difference in terminology has to do with whether the case is an "ascending" case, in which an employee seeks to recover from a party *above* his actual employer (for example, a subcontractor's employee suing the general contractor), or a "descending" case, in which an employee of an owner or general contractor attempts to sue another employee or subcontractor, a party *below* the plaintiff's actual employer. While the case at bar is a descending case, the analysis of *Burroughs* is just as pertinent.

This court will draw a line at the place of pick-up. Defendants' plea is overruled.