# CIRCUIT COURT OF THE CITY OF NORFOLK

David L. Castelow

v.

Clancy & Theys
Construction Co.

March 29, 2013

Case No. CL12-1140

By Judge Jerrauld C. Jones

I write in order to communicate my ruling upon Defendant's Special Plea in Bar and Plaintiff's Motion To Strike. The Court heard evidence and legal argument upon the pleadings at a hearing held on March 20, 2013. The essential question presented is whether Plaintiff is the statutory employee of Defendant thereby limiting his recovery to Workers' Compensation benefits on account of the injuries he sustained.

The general test for determining whether a person is a statutory employee is not "whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business," but rather "whether this indispensable activity is, in that business, normally carried on through employees rather than independent contractors." *Shell Oil Co. v. Leftwich*, 212 Va. 715, 722 (1972). The parties have stipulated that sanitation, the work performed by Plaintiff and his direct employer, Spivey Rentals, is not the "normal work" of Defendant. Nevertheless, Defendant avers that Plaintiff was its statutory employee based upon the facts of this specific case. After thorough and mature consideration of the evidence and the law, this Court finds that Plaintiff was *not* a statutory employee of Defendant.

Whether Plaintiff was a statutory employee of Defendant is a mixed question of law and fact. *Clean Sweep Prof'l Parking Lot Maint., Inc. v. Talley*, 267 Va. 210, 213 (2004). In this case, Plaintiff testified at the evidentiary hearing that he pre-assembled as much of the equipment as he could prior to arriving at the construction site and that, once there, he was

never directed by any of Defendant's employees as to where or how to "hook up" the sanitation equipment. He estimated that he spent five or six hours at the site, but this was largely due to the custom nature of the equipment involved. He testified that a typical job would take approximately one to two hours. His work was further prolonged when he returned to the job site on the second day only to find that, in his absence, much of his work had been dismantled and moved. Additionally, Mr. Cowger, an employee of Defendant, testified that, when labor is involved, Defendant typically requires a subcontract. Plaintiff's employer, Spivey Rentals, was not given a subcontract like many of the other companies at work on the site, but rather was only obligated by a "work order" which did not include any specifications of how the sanitation equipment was to be installed.

There is a long line of cases in which Virginia courts have considered whether those who deliver materials to a job site become statutory employees of the general contractor. In *Clean Sweep Prof'l Parking Lot Maint., Inc. v. Talley*, 267 Va. 210 (2004), the Virginia Supreme Court considered this question and provided a summary of the long line of Virginia cases in this area. On one hand, there are several cases which conclude that a deliveryman is a statutory employee when their duties extend beyond delivery and were "integral to the construction process." *Id.* at 216. *See also See Burch v. Hechinger Co.*, 264 Va. 165 (2002); *Peck v. Safway Steel Products, Inc.*, 262 Va. 522 (2001); *Bosher v. Jamerson*, 207 Va. 539 (1966). On the other hand, a deliveryman is not considered a statutory employee when the work constitutes "the final act of delivery, not an act of construction." *Burroughs v. Walmont*, 210 Va. 98, 100 (1969). *See also Yancey v. JTE Constructors, Inc.*, 252 Va. 42 (1996).

Plaintiff's actions at the construction site essentially constituted delivery followed by what should have been a quick installation of the temporary fixtures. The length of time that he was at the site is not dispositive, nor is the fact that Defendant's overarching contract with the site's owners required Defendant to provide sanitation facilities. Moreover, this Court is unwilling to draw such a fine distinction as Defendant urges, determining that any work whatsoever past simply removing items from a delivery truck makes the deliveryman a statutory employee of the contractor. The nature of this particular job forced him to spend a few additional hours "hooking-up" the equipment to the temporary construction trailer, but his function was essentially the same as if he had done nothing more than drop off portable toilets at any other construction site. The facts of this case are thus much more similar to *Burroughs* and *Yancey*, where Plaintiff's work at the site was collateral to the job Defendant was performing.

This Court finds that Plaintiff's work just prior to the accident constituted "the final act of delivery," which does not transform him into Defendant's statutory employee.

Accordingly, Plaintiff's Motion to Strike Defendant's Special Plea in Bar be, and hereby is, granted. Defendant's Special Plea in Bar be, and hereby is, overruled and dismissed.

Therefore, Plaintiff may proceed upon his complaint filed herein. The Court hereby notes Defendant's objection and exception to the Court's ruling.