## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Russell Woodson

v.

Southeastern Electric Supply, Inc.

October 11, 1967

Case No. A-8960

By JUDGE ALEX H. SANDS, JR.

I have reread *Shook Co. v. Barksdale*, 206 Va. 45 (1965), in the light of the special plea filed in the case at bar.

There is no testimony in the case at bar as to whose duty it was to unload. According to the testimony of plaintiff and defendant's driver, the pattern followed was that if plaintiff were present he opened the warehouse door and helped with the unloading. If plaintiff were not on the premises at the time, defendant's driver would get the key from the office, unlock the warehouse and unload the cargo upon the warehouse floor.

In *Shook*, both Shook Co. and Bolt, plaintiff's employer, testified that the plaintiff was under no duty to help unload although he customarily did. In *Shook*, the driver of the delivering vehicle was assisting in a job which was Shook's responsibility to perform and that Shook and its employees were not, in unloading, engaging in the trade, business or occupation of Bolt, plaintiff's employer, and could, therefore, be sued by plaintiff.

If we assume that the evidence in the case at bar supports a finding that it was the duty of Toney to unload, then the case falls squarely under *Shook* and Southeastern would be a stranger to the business of Toney and subject

to suit by Woodson. This might well be argued to have been the situation since the cargo was to be carried into the warehouse which could be considered a part of the storing process which without question would be a part of Toney's business, trade or occupation. See *Bosher* v. *Jamerson*, 207 Va. 539 (1966).

If, on the other hand, we assume that the evidence supports a finding that it was the duty of Southeastern to unload then, *quoad* the unloading, Woodson and Toney were engaging in the business, trade and occupation of Southeastern and Woodson's sole remedy would be Workmen's Compensation benefits, unless, of course, he were merely a volunteer. *Floyd, etc.* v. *Mitchell*, 203 Va. 269 (1962).

There is insufficient evidence before the Court to determine whose duty it was to unload and since the burden upon this plea rested upon defendant, it is held that it has failed to meet this burden.

The plea will, accordingly, be overruled and judgment entered upon the verdict.