## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Smith

v.

Clark et al.

November 13, 1984

Case No. (Law) 8573

By JUDGE ALBERT H. GRENADIER

The defendants have moved to dismiss this action on the ground that the claim is within the exclusive jurisdiction of the Industrial Commission under the provisions of the Workmen's Compensation Act (§ 65.1 Va. Code) and that this court lacks subject matter jurisdiction. They argue that under the Act the plaintiff is a statutory employee of the defendant corporation and is barred from suing the defendants for negligence. They contend that whether the plaintiff is an employee or an independent contractor, if he is engaged in the same business, trade or occupation of the corporate defendant at the time of his injury his exclusive remedy is under the Workmen's Compensation Act.

After a full consideration of the evidence taken at the hearing of November 7, 1984, and the authorities submitted by counsel the court is of the opinion that the Workmen's Compensation Act does not provide the exclusive remedy for the plaintiff's claim and that the plaintiff is entitled to pursue his claim against the defendants in this court.

The short answer to the defendants' argument is that §§ 65.1-29 through 65.1-32 and 65.1-40, Va. Code, do not apply under the facts in this case. Sections 65.1-29 through 65.1-32 require the owners of a project to accept

responsibility for the compensation of injured employees of contractors hired by the owner. The owner thus becomes the "statutory employer" of the contractor's employees, who, in turn, are the "statutory employees" of the owner. *Farish v. Courion Industries,* 722 F.2d 74 (4th Cir. 1983).

However, these sections only apply in cases where there are at least three parties in interest, namely: (1) an owner or other person who is having work executed for himself; (2) a subcontractor who has undertaken to perform the work for such owner or other person; and (3) a workman employed "in the work" by the subcontractor. These sections are only concerned with suits brought by employees of subcontractors against the owners of the project. See *Snead v. Nello L. Teer Co.,* 353 F. Supp. 434 (W.D. Va. 1973). In the case at bar, we are short a party. The plaintiff cannot be both the subcontractor and the employee of the subcontractor. It is the employee of the subcontractor who becomes the "statutory employee" and not the subcontractor. Accordingly, the cases of *Cooke v. Skyline Swannanoa, Inc.,* 226 Va. 154 (1983), *Basher v. Jamerson,* 207 Va. 539 (1966), and *Lucas v. Biller,* 204 Va. 309 (1963), are inapposite.

Having reached the conclusion that these sections are inapplicable, our inquiry must now shift to a determination of whether the plaintiff is an "employee" under the provisions of § 65.1-4 of the Act. If he is an "employee" he is covered by the Act and his rights thereunder are exclusive. If, on the other hand, he is an independent contractor he is not covered by the Act and can maintain a common law action for negligence against the defendants.

Under § 65.1-4 Va. Code "employee" is defined as "every person, including a minor, in the service of another under a contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer."

Whether there exists a relationship of master and servant, rather than one of independent contractor or subcontractor, is a question of law and not of fact. *Stover v. Ratliff,* 221 Va. 509 (1980). Whether a person is an employee or an independent contractor is governed by the common law, not by an express provision of the Workmen's Compensation Act. In determining the status

of one who works for another, no hard and fast rule can be laid down. It must be determined from the facts of the particular case in light of well-settled principles. *Richmond Newspapers, Inc. v. Gill*, 224 Va. 92 (1982).

In *Stover v. Ratliff, supra*, the court quoted from its earlier decision in *Baker v. Nussman*, 152 Va. 293 (1929), as follows:

> Upon the question. . . whether the relationship of master and servant exists, there are four elements which are considered: (1) selection and engagement of the servant; (2) payment of wages; (3) power of dismissal; and (4) the power of control of the servant's action. . . the "power of control" is the most significant element bearing on the question.

In *Richmond Newspapers, Inc. v. Gill, supra*, the court held that an employer-employee relationship exists only if the control reserved includes the power to control, not only the result to be accomplished, but also the means and methods by which the result is to be accomplished. The court quoted from *Craig v. Doyle*, 179 Va. 526, 531 (1942), as follows:

> If under the contract the party for whom the work is being done may prescribe not only what the result shall be, but also direct the means and methods by which the other shall do the work, the former is an employer, and the latter an employee. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor. So the master test is the right to control the work.

The court finds from the evidence that the corporate defendant controlled only "the result to be accomplished" and did not control the "means and methods by which the result [was] to be accomplished." Therefore, the plaintiff was not an "employee," but rather an independent contractor, not subject to the provisions of Workmen's Compensation Act. Accordingly, he can maintain a common law negligence action against the defendants.

For the reasons stated above, the motion to dismiss will be denied and the case will proceed to trial as scheduled.