CIRCUIT COURT OF THE CITY OF RICHMOND

Ralph. A. Arutunian

v.

Jordan Construction Co.

December 20, 1984

Case No. LH-941

By JUDGE MELVIN R. HUGHES, JR.

[D]efendant's Motion For Summary Judgment [was] heard on October 15, 1984.

Plaintiff, an employee of a subcontractor, alleges that "while discharging his work" at a construction site, he fell and was injured when a railing put up by defendant, the general contractor, gave way after he lost his balance.

Defendant maintains that plaintiff's sole remedy is under the Virginia Workmen's Compensation Act (the Act). Plaintiff maintains that the Act does not apply and that he has a right of action as at common law.

For purposes of this motion, the parties have stipulated that plaintiff was an employee of the subcontractor and that he was injured on the job while doing subcontracting work. At the hearing the uncontroverted testimony of Jordan revealed the business is a general contractor specializing in the construction of commercial and industrial buildings. On this job, Jordan was under contract to build the Planetarium for the Science Museum of Virginia and had subcontracted

with Koch, plaintiff's employer, to do the electrical work.

Section 65.1-30 of the Code of Virginia of 1950, as amended, provides:

> When any person contracts to perform or execute any work for another person which work or undertaking is not part of the trade, business or occupation of such other person and contracts with any other person for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if that workman had been immediately employed by him.

Plaintiff maintains that defendant is not the statutory employer within the meaning of § 65.1-30 because his employer's trade, business or occupation, as electricians, is not part of or the same as the trade, business or occupation of defendant.

While the parties' businesses differ, the question is whether plaintiff was performing work on behalf of his employer, Koch, that was part of the trade, business or occupation of defendant, Stout v. Onati, 221 Va. 143 (1980), Bosher v. Jameson, 207 Va. 539 (1969), Floyd v. Mitchell, 203 Va. 269, (1962).

In the instance of general contractors and subcontractors, it has been held that where the accident is inherent in the project, the loss goes against the project and limits the workman's recovery to the Act. Turnage v. Northern Virginia Steel Corporation, 336 F.2d 837 (1964). In other words, if the injury was occasioned by one who is not part of the undertaking, a common law right of action is preserved.

Unquestionably, defendant is not a stranger to this project. The nature of defendant's trade, business

and occupation and plaintiff's presence on the job site performing subcontracting work suggest but one conclusion, that is, plaintiff was performing work which was part of defendant's.

Accordingly, the motion is granted.