# CIRCUIT COURT OF BOTETOURT COUNTY

Paul A. Tucker,
Adm'r of the Estate of
Ronnie D. Davenport,
deceased

v.

James A. Rose et al.

## September 26, 1996

BY JUDGE GEORGE E. HONTS, III

This motion for judgment comes on upon the defendants' plea in bar that the exclusive remedy for the wrongful death of Ronnie D. Davenport is found in the Virginia Workers' Compensation Act (the Act).

Davenport was an employee of Lanford Brothers Company, Inc. (Lanford). Lanford engages in construction work and in this instance in the milling of old pavement on Interstate Highway 81. Milling of the pavement is the removal of the existing pavement on a highway so that it may be replaced by new pavement. The defendant, James W. Smith, t/a Smith Trucking (Smith), owns and operates dump trucks. In the instant case, Smith trucks were used to carry away the milled pavement. The milled pavement was loaded directly onto Smith's trucks as the milling machine extracted the pavement from the highway. The Virginia Department of Transportation (VDOT) is statutorily charged with the maintenance of the public highways of the Commonwealth. The repaving project was bid, and the bid was awarded to Adams Construction Co. (Adams) which became the general contractor on the project.

Adams formally hired Lanford to mill the old pavement. Smith, and possibly other truckers, were engaged to haul the milled pavement away and, on occasion, to haul new pavement to the job site. James Rose was one of Smith's employees, hired as a truck driver. As the milling proceeds, an empty dump truck is placed adjoining the chute of the milling machine and the two

move together along the pavement. As the old pavement is extracted it is processed through the milling machine and dumped directly into the adjacent dump truck. Davenport's duties for Lanford Brothers are not clear, but he was an employee acting in the course and within the scope of his employment on the day in question.

Rose backed his dump truck over Davenport, striking and killing him.

Davenport brought an action in this court to recover from Rose and Smith for Rose's alleged negligence. Rose and Smith have raised the plea in bar.

The Court finds these facts to be relevant to the question of whether the action can be maintained or the exclusive remedy is under the Workers' Compensation Act.

VDOT is the "owner" of the project. It is statutorily charged with the maintenance of the public highways and, as such for these purposes, is an "owner."

Adams is the general contractor on the project.

Lanford is a sub-contractor of Adams. The removal of the old asphalt pavement is essential before new pavement can be laid.

Smith is a sub-contractor of Adams. The hauling away of the extracted asphalt is also essential before new pavement can be laid.

The issue must be determined under the rubrics of existing case law in Virginia.

"The issue whether a person is a statutory employee presents a mixed question of law and fact which must be resolved in light of the facts and circumstances of each case." *Cooke v. Skyline Swannanoa*, 226 Va. 154, 156 (1983), citing *Bassett Furniture v. McReynolds*, 216 Va. 224 (1976).

"The purposes of ... the ... Act is to bring within the operation of the Act all persons engaged in work that is part of the trade, business, or occupation of the party who undertakes as owner *or* who contracts as contractor to perform the work ...." *Smith v. Horn*, 232 Va. 302, 305 (1986).

In the case at hand, VDOT is established as the "owner" of the project. VDOT's chief executive officer is The Commonwealth Transportation Commissioner. Sec. 3, Article 1, Chapter 1, Title 33.1, of the 1950 Code of Virginia, as amended. And "The Commissioner shall have the power to do all acts necessary or convenient for constructing, improving, and maintaining the roads embraced in the systems of state highways. ..." § 33.1-13. The law is settled that agencies of the state and of the local governments may be owners. *Nichols v. VVKR*, 241 Va. 516 (1991); *Anderson v. Thorington Const. Co.*, 201 Va. 266 (1959).

The Court must address whether Lanford and Smith were statutory employees of VDOT.

The Court finds they were. The test for governmental agencies is whether or not the activity is an activity which is authorized or mandated by statute or one with which the governmental agency is otherwise authorized or mandated to perform. Here the improvement and maintenance of the highway is statutorily delegated to VDOT. The evidence establishes that the improvement or maintenance of this particular section of highway could not be accomplished without the milling of the pavement so that new pavement could be laid. The process of milling, therefore, is an integral part of the owner's mandated public responsibility. *Williams v. E. T. Gresham Co.*, 201 Va. 457 (1959).

A different test is applied to Adams as the general contractor of the owner. As a private agency, rather than a governmental agency, the test to be applied to the relationship between Adams and Lanford and Smith is whether the functions of Lanford and Smith fall within the "trade, business, or occupation" of Adams. *Shell Oil Co. v. Leftwich*, 212 Va. 715 (1972). The Court finds that the test is met. The evidence establishes that Adams possesses both a milling machine and a fleet of trucks. The milling portion of its contracts are, according to the evidence adduced, more often than not subcontracted out; but Adams stands capable of performing the work. The removal of the old asphalt is essential to the laying of new asphalt and as such is an essential part of the contract. The contention that it is an independent contractor for the purposes of resolution of the plea in bar does not withstand scrutiny. Lanford's activities in the actual milling of the asphalt and Smith's activities in hauling the milled asphalt from the site were not activities of a "supplier" or mere acts of "delivery." The integration of their activities exceeds that set out of *Bosher v. Jamerson*, 207 Va. 539 (1966), where a supplier who spread sand delivered to a job site was held to be a statutory employee because the spreading of the sand was beyond the scope of a mere delivery. The spreading of the sand in *Bosher* was less essential than the milling and removing of the old asphalt in the instant case.

Therefore, the Court finds that Lanford and Smith were statutory employees both of the owner and of the contractor, or either of them. The fact the statutory relationship is established as to either or both the owner and the general contractor brings both Lanford and Smith under the purview of the Act.

Accordingly, the plea in bar is sustained and the motion for judgment is ordered dismissed.