Present:  All the Justices

LOUISE V. BURCH

v. Record No. 991490   OPINION BY JUSTICE CYNTHIA D. KINSER
                                         JUNE 7, 2002
HECHINGER COMPANY

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Judge

In this personal injury action, the question on appeal is whether the plaintiff-appellant was a statutory employee of the defendant-appellee when she was injured.  Because we answer that question affirmatively, we will affirm the circuit court's judgment sustaining the defendant's plea in bar based on the exclusivity provision of the Virginia Workers' Compensation Act, Code § 65.2-307(A).

FACTS AND MATERIAL PROCEEDINGS

Louise V. Burch was employed as a sales representative by Greenhost, Inc. (Greenhost).  Greenhost grew plants and flowers and sold them on a wholesale basis to various retailers, including Hechinger Company (Hechinger).

In the spring of 1997, Burch negotiated an order for Greenhost flowers to be sold at a Hechinger store in Springfield during a "truckload sale" advertised to take place over a Friday, Saturday and Sunday in May.  Burch agreed to be present during part of the truckload sale to

assist in displaying the flowers and to answer horticultural questions for Hechinger retail customers.

A problem arose when one of the trailers of flowers arrived at the Springfield Hechinger store a day earlier than anticipated and Hechinger did not have staff available to unload the flowers and arrange the display that day. If the plants remained inside the trailer all day, the heat would cause them to wilt and die and Burch "would have to go up there and write a return." Therefore, at the request of her supervisor, Burch went to the Hechinger store the day before the sale was scheduled to begin and assisted in arranging the display of flowers as they were unloaded from the trailer.

Hechinger's garden clerk and acting manager on duty that day, Richard Lawrence Scherer, was responsible for unloading the trailer. The flowers had been stored for transport inside the trailer on carts, each of which held approximately 42 flats with about 36 flowering plants in each flat. While Scherer used a hydraulic lift to remove the carts of flowers from the trailer, Burch and at least one other Hechinger employee began rearranging Hechinger's existing stock to make room for the new delivery of flowers.

Burch was engaged in this task when two women approached her and asked for assistance in locating red impatiens, a particular color and type of flower. Aware that no red impatiens were on display, Burch invited the customers to accompany her to the trailer to ascertain whether any were in the delivery being unloaded.

Only three or four carts had been unloaded from the trailer at that time, and Scherer attempted to look for the red impatiens among the carts remaining on the trailer. However, he was unable to maneuver the carts to view the contents of each, so he returned to unloading carts from the trailer while the customers waited. At this point, one of the carts filled with potted flowers rolled off of the trailer's tailgate, falling onto Burch and injuring her.

Burch subsequently filed suit alleging that the accident resulted from the negligence of Hechinger's employee and that Hechinger was vicariously liable for his negligent acts. In its defense, Hechinger filed a plea in bar alleging that at the time of her injury, Burch was a statutory employee of Hechinger and that her negligence action was therefore barred by the exclusivity provision of the Virginia Workers' Compensation Act, Code § 65.2-307.

The circuit court found that Burch's injury occurred while she was consolidating and rearranging flowers, a task

3

ordinarily performed by Hechinger employees.  Thus, the court ruled that Burch was a statutory employee of Hechinger and that her exclusive remedy was a claim for workers' compensation benefits.  The court sustained Hechinger's plea in bar and dismissed Burch's negligence action.  Burch appeals that dismissal, contending that the court erred in ruling that she was a statutory employee of Hechinger.[1]

ANALYSIS

The rights and remedies provided in the Virginia Workers' Compensation Act (the Act) are exclusive of all other rights and remedies for employees who fall within the scope of the Act.  Code § 65.2-307(A).  See Feitig v. Chalkley, 185 Va. 96, 98, 38 S.E.2d 73, 73-74 (1946) (discussing rationale of workers' compensation system and the exchange of the right to a jury trial for a faster and guaranteed recovery).  Therefore, the sole issue in this appeal is whether the trial court was correct in designating Burch as a statutory employee of Hechinger at

---

[1] Burch also asserts that the circuit court erred in failing to consider that the contractual relationship between Greenhost and Hechinger was that of vendor-vendee and thus outside the scope of Code § 65.2-302(A).  However, because Burch failed to raise that issue in the proceedings below, we will not consider that assignment of error.  See Rule 5:25.

the time of her injury.  If so, then her negligence action seeking damages from Hechinger is barred by Code § 65.2-307(A).

With regard to when an individual may be properly considered a statutory employee, the Act provides:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

Code § 65.2-302(A)(emphasis added).

"The issue whether a particular person or entity is the statutory employer of an injured employee is a jurisdictional matter presenting a mixed question of law and fact that must be determined under the facts of each case."  Bosley v. Shepherd, 262 Va. 641, 648, 554 S.E.2d 77, 81 (2001).  If the facts establish that an individual performs activities that are normally performed by a person's employees rather than by independent contractors, then that individual is properly considered that person's statutory employee for purposes of the Act.  Shell Oil Co. v. Leftwich, 212 Va. 715, 722, 187 S.E.2d 162, 167 (1972).

5

See also Carmody v. F. W. Woolworth Co., 234 Va. 198, 205-06, 361 S.E.2d 128, 132-33 (1987) (licensee portrait photography business inside Woolworth store was engaged in work that Woolworth normally conducted through its employees; thus, licensee's employee was Woolworth's statutory employee).

In the instant case, Burch was arranging displays of flowers and, more immediately at the time of her injury, she was assisting Hechinger retail customers. The uncontroverted testimony at the hearing on Hechinger's plea in bar established that both of these activities were normally performed by Hechinger employees. Burch acknowledged that at least one other Hechinger employee was engaging in the same work as that being performed by her when she was injured. In fact, Burch stated on brief that "[t]he consolidation and arranging of flowers at the Hechinger store . . . was normally performed by Hechinger's employees." However, Burch had agreed to be involved in these tasks after delivery of the flowers because that was part of the deal she negotiated with Hechinger for the truckload sale. Both Scherer and Burch testified that Hechinger employees were responsible for unloading the trailer of flowers at the Springfield Hechinger store and that Burch was not involved in that activity in any way.

6

Burch contends, however, that she was not furthering Hechinger's business when her injury occurred, but rather, that she was completing the delivery of Greenhost's product. We have previously considered the point at which an individual delivering products has completed the task of delivery, and beyond which point, engaging in further activities constitutes performing the work of another entity's trade, business or occupation. In Bosley, we held that using a crane to deliver sheetrock to specific locations on a jobsite was part of the delivery. 262 Va. at 649-50, 554 S.E.2d at 82. The employee so engaged was not a statutory employee of the general contractor because he did not perform any other task to further the work of the general contractor. Id.; see also Burroughs v. Walmont, Inc., 210 Va. 98, 100, 168 S.E.2d 107, 108 (1969) (the stacking of sheetrock in several rooms constituted the final act of delivery, not the act of construction). In contrast, we held that an individual who delivered sand to a construction site and then participated in spreading the sand to a six-inch base as required by building specifications was a statutory employee of the general contractor because he had proceeded beyond the task of delivery and engaged in the contractor's work of

construction.  Bosher v. Jamerson, 207 Va. 539, 542-43, 151 S.E.2d 375, 377 (1966).

We think that the instant case is more like Bosher. Although Burch contends that she was engaged in the final act of delivery, the testimony clearly reflects that Burch herself did not participate in the delivery of the flowers. Rather, Greenhost's wholesale delivery was complete when the trailer arrived at the Springfield Hechinger store, because it was then the responsibility of Hechinger employees to unload the flowers and continue the retail merchandising process from that point forward.

Burch was involved in discrete activities both prior to and after the delivery.  Before the delivery, she represented Greenhost in negotiating the sale to Hechinger. Once the trailer of flowers arrived at the Hechinger store, Hechinger employees were then responsible for unloading the flowers from the trailer, as well as arranging the flowers on display and assisting Hechinger retail customers.

Thus, when Burch's involvement resumed, after the delivery, her activities – that is, arranging the display of flowers and answering the questions of Hechinger retail customers – were, as previously noted, tasks that were normally performed by Hechinger employees.  That she was motivated to perform such tasks by the prospect of

increased future sales does not change the fact that both activities further the retail business of Hechinger and are normally performed by Hechinger employees.

CONCLUSION

The evidence at the hearing on Hechinger's plea in bar was sufficient to support the circuit court's finding that, by virtue of engaging in work normally performed by Hechinger employees, Burch was a statutory employee of Hechinger at the time of the accident. Thus, her sole remedy lies in workers' compensation and her negligence action against Hechinger is barred by the exclusivity provision of the Act. For this reason, we find no error and will affirm the judgment of the circuit court dismissing this action.

Affirmed.