# CIRCUIT COURT OF THE CITY OF SALEM

Jennie Lee Hazlegrove

v.

Vee Corporation

February 22, 2012

Case No. CL11-277

By Judge Robert P. Doherty, Jr.

Vee Corporation, an entertainment company that produces the Sesame Street Live show, entered into a joint promotion agreement with the Salem Civic Center whereby the parties agreed to work together in the presentation of multiple live shows in the City of Salem. Part of the agreement required the Salem Civic Center to hire additional stagehands over and above those who are regularly employed by the Vee Corporation to assist them to move in, setup, work performances, dismantle the show, and ultimately to leave Salem. The Salem Civic Center hired Double Nickle, Inc., to provide the additional stagehands for use by Vee Corporation, which they did.

Plaintiff is one of the employees of Double Nickle, Inc., who was sent to the Salem Civic Center to be an additional stagehand to assist the Vee Corporation in setting up and presenting the show. She worked side by side with the regularly employed stagehands of Vee Corporation. Plaintiff alleges that a Vee Corporation stagehand assisted her in moving a lighting truss across the stage and that he negligently kicked it, causing the truss to fall onto her foot, with resulting personal injury and damages. Plaintiff sued Vee Corporation under the theory of *respondeat superior* for the negligence of their regularly employed stagehand. Defendant Vee Corporation filed a Plea in Bar asserting that Plaintiff was their statutory employee when she claimed injury and her sole and exclusive remedy is limited to that available under the Virginia Workers' Compensation Act.

*Employees of Subcontractors*

Under the terms of the promotion agreement entered into between the Salem Civic Center and Vee Corporation, Vee Corporation was the owner and operator of the show known as Sesame Street Live. The contract required the Salem Civic Center to become the agent of Vee Corporation with regard to the hiring of additional stagehands to assist Vee Corporation's regularly employed stagehands in setting up, working the show, and dismantling the necessary equipment, scenes, and lighting for the production of Sesame Street Live. A principal and agent relation will exist as a matter of law based upon the agreements and actions of the parties. *Chandler v. Kelley,* 149 Va. 221, 231-32 (1928).

In this particular case, the Salem Civic Center was Vee Corporation's agent according to the terms of their contract and, as such, hired Double Nickle, Inc., to provide extra stagehands for Vee Corporation. That made Double Nickle, Inc., a subcontractor of Vee Corporation. They were all engaged in the production of the Sesame Street Live show. "Contractors, subcontractors, and all workers who are engaged in the trade, business, or occupation of the owner of a project are deemed to be statutory fellow employees. The remedy for any injury suffered by one of them as a result of the alleged negligence of another, while engaged in the trade, business, or occupation of the owner, is limited to that available under the Workers' Compensation Act." *Nichols v. VVKR, Inc.,* 241 Va. 516, 519 (1991). Under this theory, Defendant's Plea in Bar should be granted.

*Normal Work Test*

One of the arguments made by the parties deals with the "normal work test." Although not always applicable, the "normal work test" is frequently applied to determine if the injured party is the statutory employee of the project owner. If so, then his or her exclusive remedy would be a claim for workers' compensation benefits in accordance with § 65.2-302(A), Code of Virginia (1950), as amended, which reads as follows:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business, or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

The "normal work test" is an attempt to simplify and apply the above statute. The test as applied, is that, when the owner of a project contracts with anyone to perform a function and that person does perform "activities that are normally performed by a person's employees rather than by independent contractors, then that individual is properly considered that person's statutory employee for purposes of the [Virginia Worker's Compensation] Act." *Burch v. Hechinger Co.*, 264 Va. 165, 169 (2002), *quoting Shell Oil Co. v. Leftwich*, 212 Va. 715, 722 (1972). The most current application of the "normal work test" is used by the Virginia Supreme Court to explain the "governmental entity test," and has not changed the test in any way. *See Moore v. Virginia Int'l Terminals, Inc.*, 283 Va. 232 (2012).

Applying the facts of this case to the "normal work test," the Salem Civic Center, as agent for the show's owner, Vee Corporation, hired Double Nickle, Inc., to provide additional stagehands to assist Vee Corporation in their activities of setting up and presenting their show. These additional stagehands, one of whom was Plaintiff, worked alongside the regularly employed stagehands of Vee Corporation, performing the same work normally conducted by Vee Corporation through their regularly employed stagehands. Using the "normal work test," Plaintiff is the statutory employee of Vee Corporation. Defendant's Plea in Bar should be granted.

### Stranger to the Work Test

Another test argued by the parties and sometimes used to understand and apply the dictates of § 65.2-302(A), is called the "stranger to the work test." It is nothing more than looking at the facts from a different prospective. This test is that, if a subcontractor is engaged in an essential part of the work which was part of the trade, business, or occupation of the owner of the project, then he is no stranger to the owner's work and the owner is not an "other party" as contemplated by the Virginia Workers' Compensation Act. If the Defendant was "no stranger," then he is not an "other party," and a common law action against him is barred. *Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 167 (1985). Since Plaintiff was engaged in exactly the same work as the Defendant owner's own employees, the Defendant was not a stranger to the trade, occupation, or business in which the Plaintiff was involved, and vice versa. Applying this test, Defendant's Plea in Bar should be granted.

### Conclusion

Accordingly, for the reasons set forth herein alternatively and notwithstanding the result that a joint venture probably exists by application of a unique fiction of law adopted by Minnesota, whose laws construe the written promotion agreement, the Court grants the Defendant's Plea in Bar.